IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW PARRIS, CY-3418,              )
    Petitioner,                       )
                                      )
    v.                                )   2:11-cv-264
                                      )
BRIAN COLEMAN, et al.,                )
    Respondents.                      )


                          Report and Recommendation

I.  Recommendation:

It is respectfully recommended that the petition of Matthew Parris for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Matthew Parris, an inmate at the State Correctional Institution - Fayette has presented a petition for a writ of habeas corpus seeking to challenge his recommitment as a parole violator.

Parris was originally sentenced to an eight to sixteen year sentence following his conviction of third degree murder in the Court of Common Pleas of Philadelphia County. This sentence was imposed on February 20, 1996 with a minimum expiration date of February 1, 2003 and a maximum expiration date of February 1, 2011.[1] On April 14, 2003 he was released on parole.[2]

On September 24, 2003, Parris was charged with a parole violation and was finally apprehended on February 20, 2004.[3] Following a hearing conducted on April 26, 2004, Parris was recommitted as a technical parole violator and his maximum sentence expiration date was set at June 27, 2011.[4]

On May 23, 2005, the petitioner was reparoled.[5] On July 4, 2005 he absconded from supervision and was ultimately arrested on criminal charges on April 24, 2008.[6] A parole

---

[1] See: Attachment 1 to the answer of the Commonwealth.
[2] See: Attachment 2 to the answer of the Commonwealth.
[3] See: Exhibit 3 to the answer of the Commonwealth.
[4] See: Exhibit 4 to the answer of the Commonwealth.
[5] See: Exhibit 5 to the answer of the Commonwealth.

violation hearing was conducted on May 6, 2008 at which Parris admitted violating the conditions of his parole and he was recommitted as a technical violator to serve 12 months backtime, and his maximum sentence expiration date was set at April 17, 2014.[7] On May 11, 2009, the parole board denied release with a maximum sentence expiration date of April 17, 2014.[8] On September 30, 2010, release on parole was again denied with the same sentence expiration date noted.[9] On January 29, 2011, release on parole was again denied with the same sentence expiration date noted.[10] All the denials of parole set forth legitimate reasons for the actions taken and no appeals were ever pursued.

In his federal petition executed on February 18, 2011, Parris seeks to challenge the action of the Pennsylvania Board of Probation and Parole in denying his release on parole.

Initially we observe that despite being denied re-release, the petitioner did not attempt to exhaust the administrative remedies available to him. Indeed, as recently as October 15, 2008, the petitioner was advised that if he desired to challenge the Board's decisions he could file an administrative appeal.[11] Additionally, it is provided in 35 Pa.Code § 73.1 that an inmate seeking to challenge a denial of parole can do so in an administrative appeal. Parris failed to pursue these remedies.

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to utilize the available state remedies on these issues and the petition is subject to dismissal here.

---

[6] See: Exhibit 6 to the answer of the Commonwealth.
[7] See: Exhibits 7 and 8 to the answer of the Commonwealth.
[8] See: Exhibit 10 to the answer of the Commonwealth.
[9] See: Exhibit 11 to the answer of the Commonwealth.
[10] See: Exhibit 12 to the answer of the Commonwealth.
[11] See: Exhibit 9 to the answer of the Commonwealth.

In addition, the relevant Pennsylvania statute, 61 P.S. §331.21 does not create a mandatory expectation of release but rather has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's past conduct both inside and outside the institution unless a petitioner can demonstrate that the denial of parole was based on "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980). Thus, the only possible grounds upon which the petitioner may rely is that the denial of parole was a violation of constitutionally protected rights or was for a purely frivolous reason.

In order to allege a Constitutional issue, the petitioner seeks to couch his challenge in terms of a denial of Equal Protection; an arbitrary and capricious abuse of authority, and the imposition of an excessive penalty.

The constitutional challenge which Parris seeks to raise here is based on the decision in Defoy v. McCullough, 393 F.3d 439,445 (3d Cir.) cert. denied 125 S.Ct. 2970 (2005)("mandamus is not available for Pennsylvania state prisoners seeking to challenge the denial of their parole on constitutional grounds other than the *ex post facto* Clause."). What the petitioner alleges is that while his recommitment as a technical violator to serve twelve months' backtime was legitimate, when in its subsequent reviews the Board inserted additional reasons as its bases for denying parole it violated his Equal Protection rights. Indeed, at the hearings held on May 11, 2009 and September 30, 2010, the Board noted as further justification for denial of parole the fact of:

> Your need to participate in and complete additional institutional programs.
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Your prior unsatisfactory parole supervision history

Your failure to demonstrate motivation for success.

Your minimization of the nature and circumstances of the offense(s) committed.

Your lack of remorse for the offense(s) committed.[12]

The Equal Protection Clause requires that all similarly situated individuals be treated alike by the government. City of Cleburne v. Cleburne Living Center, Inc. 473 U.S. 432 (1985). In the instant case, there is no demonstration that the petitioner was treated any differently than any other inmates, but rather that the Board merely provided greater explanation for its actions. Thus, this claim does not provide a basis for relief.[13]

Accordingly, because the petitioner has failed to exhaust the available administrative remedies challenging his denial of parole release, and has failed to demonstrate any violation of Constitutional magnitude by the Board, it is recommended that his petition for a writ of habeas corpus be dismissed. Additionally, because reasonable jurists could not conclude that a basis for appeal exists, it is further recommended that a certificate of appealability be denied.

A litigant who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

                                        Respectfully submitted,
                                        s/ Robert C. Mitchell
Filed: May 19, 2011                        United States Magistrate Judge

---

[12] See: Exhibits 10 and 11 to the answer of the Commonwealth.
[13] We also note that the petitioner cannot raise a due process argument since it is clear that all the requirements of due process were provided by the Board through the process of notification, hearing and decision rendering.